IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA BLACK; EARL BLACK, *Administrators of the Estate of Derek E. Black* | ) ) ) ) | Civil Action No. 14-505 |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | United States Magistrate Judge Cynthia Reed Eddy |
| EUGENE YOUNGUE, *M.D.*; DAVID HUMPHRIES, *C.R.N.P.*, | ) ) ) | |
| Defendants. | ) | |

**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH THE DEPOSITION SCHEDULE IN JOINT STATUS REPORT (ECF NO. 29)**

On July 2, 2014, the Court held a Case Management Conference in the above-captioned case, (ECF No. 23), and entered a Case Management Order requiring the parties, *inter alia*, to file a joint status report setting forth a deposition schedule, (ECF No. 24). Pursuant to said order, on August 15, 2014, the parties filed the joint status report. (ECF No. 26). The parties agreed that Dr. Reynold Panettieri Jr. will be deposed on October 22, 2014 at Kolman Ely's office in Philadelphia; Dr. Eugene Youngue and David Humphries will be deposed on October 23, 2014 at Dell, Moser, Lane & Loughney's office in Pittsburgh; and Plaintiffs Earl and Debra Black will be deposed on October 24, 2014 at Dell, Moser, Lane & Loughney's office in Pittsburgh. (*Id.*). The joint status report was signed by counsel of record for both parties; specifically, Wayne Ely for Plaintiffs and Jeffrey Burke for Defendants. (*Id.*).

On October 16, 2014, Plaintiffs filed a motion to compel compliance with the above deposition schedule set forth in the joint status report. (ECF No. 29). In their motion, they provide an e-mail from Attorney Winikoff dated October 15, 2014, stating the following:

1

> I received an email from your secretary confirming that the deposition of your expert will take place in Philadelphia on October 22, 2014 at 9:00 AM at the offices of Esquire Court Reporting Services on Market Street in Philadelphia.
>
> You unilaterally scheduled the depositions of David Humphreys and Dr. Eugene Youngue for October 23, 2014. That date conflicts with other previously scheduled events.
>
> You also unilaterally chosen [sic] the date of Friday, October 24, 2014 for the depositions of the plaintiffs in this matter. That date conflicts with a court mandated mediation scheduled for that day.. [sic]
>
> It is my intention to take the depositions of Mr. and Mrs. Black on Monday, October 27, 2014 beginning at 9 o'clock in our offices. The deposition of Mr. Black will take place at the conclusion of the deposition of Mrs. Black.
>
> If you would like to take the depositions of my clients, please let me know when you would like them to be. If I do not hear from you, I will assume that you do not wish to take their depositions again.

(ECF No. 29-3).

Shortly thereafter, Plaintiffs' attorney Wayne Ely responded to this e-mail, stating that "I thought you approved these dates in August. There is nothing 'unilateral' about them." (ECF No. 29-4) and "You had ample notice of these dates. They need to go forward. Please confirm your clients will appear." (ECF No. 29-5).

In Plaintiffs' motion, they observe that discovery in this case ends on October 31, 2014 and that Plaintiffs' counsel has already secured travel arrangements and lodging for the depositions scheduled in Pittsburgh. On October 16, 2014, Mr. Winikoff responded to Plaintiffs' motion agreeing that the deposition schedule on ECF applies in this case and that "[c]ommunications representing a different viewing of the agreement were sent in error." (ECF No. 31). Mr. Winikoff represented that the "depositions will proceed as scheduled." (*Id.*). However, he goes on to say that "[t]his matter could have easily been resolved by a telephone call but counsel for the Plaintiffs seems more than ready to file a

motion instead of picking up the telephone to resolve the issue." Therefore, Mr. Winikoff concludes that the "motion should be denied as the issue is moot and because Plaintiffs have not complied with the meet and confer requirement in Federal Rule of Civil Procedure 39(a)(1).[1]

Although Mr. Winikoff concedes that he is obligated to comply with the joint status report setting forth the deposition schedule, (ECF No. 26), the Court finds that it is necessary to grant Plaintiffs' motion. First, Mr. Winikoff's e-mail to opposing counsel from October 15, 2014 was entirely unprofessional and was absolutely baseless. Had Mr. Winikoff checked CM-ECF prior to sending that e-mail, he would have seen that the deposition schedule unequivocally sets forth the dates and locations of the depositions that complained about in the e-mail. Notwithstanding the fact that the deposition schedule has been in place for two months, was signed by both parties, and filed with the Court, Mr. Winikoff chose to send a factually unsupportable e-mail denying his obligations under the agreement.

Instead of accepting full responsibility for his "error," Mr. Winikoff attempts to shift the blame to Plaintiffs, claiming that this could have been resolved had they picked up the phone. This position strains logic and common sense. Plaintiffs *did* confer with him by way of e-mail to confirm the deposition dates and he responded by indicating that he would disregard those dates. Plaintiffs countered that those dates have been set since August, and there is no indication that Mr. Winikoff replied to this message. The mode of communication (e-mail rather than telephone) is of no consequence. Plaintiffs contacted Mr. Winikoff before filing the motion and Mr. Winikoff stated that he would

---

[1] This rule is entitled "Trial by Jury or by the Court." Fed. R. Civ. P. 39. It appears as though Mr. Winikoff is referring to the meet and confer requirements of Rule 37.

not comply with the scheduled dates. While the Court is weary of the necessity of entertaining such motions from Plaintiffs, Mr. Winikoff's conduct warrants the present motion given that discovery is set to close on October 31, 2014 and the Court has continuously stated that this deadline will not be enlarged.

**AND NOW** this 17th day of October, 2014, having considered the Plaintiffs' Motion to Compel Compliance with Deposition Schedule (ECF No. 29) and Defendants' Response Brief (ECF No. 31), **IT IS HEREBY ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall comply by the deposition schedule set forth in the joint status report from August 15, 2014. (ECF No. 26). Failure to comply will result in consideration of sanctions.

**IT IS FURTHER ORDERED** that Discovery in this case will not be extended.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF