# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA BLACK; EARL BLACK, *Administrators of the Estate of Derek E. Black* | ) ) ) Civil Action No. 14-505 |
| Plaintiffs, | ) ) United States District Judge ) David Cercone |
| v. | ) ) |
| EUGENE YOUNGUE, *M.D.*; DAVID HUMPHRIES, *C.R.N.P.*, | ) United States Magistrate Judge ) Cynthia Reed Eddy ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Before the Court is Plaintiffs' "Motion for Sanctions Related to documents obtained from Defendants Subpoena to T-Mobile." (ECF Nos. 37). For the reasons explained below, said motion will be granted.

**I.    PROCEDURAL BACKGROUND AND FACTS**

On July 2, 2014, the Court entered a Case Management Order which, *inter alia*, established that discovery was set to close on October 31, 2014. (ECF No. 24). At a Post-Discovery Status Conference on November 17, 2014, the Court ordered that motions for summary judgment be submitted by December 23, 2014. (ECF No. 36); *see also* Text-Only Order from 11/17/2014.

On December 10, 2014 (13 days before motions for summary judgment were due), Plaintiffs filed the present motion seeking to exclude Defendants from using five months of phone records obtained by Defendants from T-Mobile through a subpoena. Plaintiffs assert that the information was obtained in violation of Federal Rule of Civil Procedure 45 because they

1

were not served with a copy of the subpoena prior to Defendants sending it to T-Mobile. According to Plaintiffs, they did not learn of the subpoena until Defendants forwarded copies of the responsive documents to them on December 10, 2014. Further, they assert that the subpoena was issued after the close of discovery, and that the subpoena was "simply calculated to harass and intimidate the Plaintiffs." Id. Attached to the Plaintiffs' motion is an email from Defendants' counsel Stanley A. Winikoff, dated December 10, 2014, stating: "enclosed you will find information received from T-Mobile this morning in response to a subpoena." (ECF No. 38-1). Plaintiffs' counsel replied requesting a copy of the subpoena, stating: "We did not receive a copy of the subpoena in advance." Id. Mr. Winikoff replied that he was unable to do so because "[t]he (Adobe) file is damaged and could not be repaired." Id.

Plaintiffs ask the Court to sanction Defendants by precluding the use of the documents for any purpose including a motion for summary judgment or at trial, and that defense counsel be ordered to destroy any documents obtained from T-Mobile.

Defendants respond that the subpoena was prepared on Monday, October 27, 2014. (ECF No. 39). A copy of the subpoena was provided to the Court. (ECF No. 39-3). The face of the subpoena submitted by Defendants actually requires production of the documents on October 27, 2014, but was apparently signed by Mr. Winikoff at a subsequent date, November 20, 2014. Id. No return of service was filed with the Court. He also states that a copy of the subpoena was mailed to counsel for plaintiffs with "a short transmittal note." (ECF No. 39). The "transmittal note states: "In the deposition of Earl Black taken last week, he mentioned his conversation with Derek black on April 29, 2012 in which Derek did not voice any complaints. I have sent a subpoena to T-Mobile for the cell phone records. A copy is enclosed." (ECF No. 39-4).[1]

---

[1] Defense counsel also claims that "[a]t the end of the depositions, the attorney for the Plaintiffs was verbally informed that counsel for the Medical Defendants intended to subpoena the telephone

2

Plaintiffs' counsel replies he never received the transmittal note and subpoena. The Affidavit of Crystal Schwartz was attached attesting to this assertion. (ECF Nos. 42 and 42-1). Plaintiffs argue that Mr. Winikoff's own submission, if believed, purports to evince that the Plaintiffs were sent a copy of the subpoena on the date that the subpoena was purportedly served on T-Mobile, thus Plaintiffs would not have had an opportunity to object to the subpoena. Moreover, Plaintiffs note that the date next to Mr. Winikoff's signature, November 20, 2014 demonstrates that the subpoena was served well after the close of discovery. (ECF No. 42). Plaintiffs also correctly observed that the Court held a post-discovery conference on November 17, 2014 wherein Mr. Winikoff made no mention of having served a subpoena on T-Mobile for phone records. Id

On November 17, 2014, Mr. Winikoff filed a Sur-Reply Brief, (ECF No. 45),[2] in which he failed to argue or even attempt to dispute that he sent a copy of the subpoena to Plaintiffs *before* sending it to T-Mobile. Additionally, he provided self-damaging documents that unquestionably establish that he was engaging in discovery past the deadline.

## II. LEGAL STANDARDS

### A. Obeying Court Scheduling Orders – Rules 16(f) & 37(b)(2)

Rule 16(f) provides that "on motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). In turn, Rule 37(b)(2)(A) provides, in pertinent part, that the court may enter an order:

---

records of Earl Black cell phone carrier, T-Mobile." (ECR 39 at 2). The court notes that no deposition transcript reflects this comment, nor did defense counsel cite the Court to any authority that such a verbal comment amounts to compliance with the requirements of Federal Rule of Civil Procedure 45. In fact, defense counsel fails to cite any applicable legal authority whatsoever in his filings with the Court.

[2] This document is entitled "Sur-Response to Plaintiffs' Reply in Support of Motion for Sanctions." However, it is actually a sur-reply brief, so the Court will refer to it as such.

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

F. R. Civ. P. 37(b)(2)(A)(ii)-(vii).

Rule 16(f) goes on to provide that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expense unjust." Fed. R. Civ. P. 16(f)(2); Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 241 (3d Cir. 2007) ("'Unjust' can variously be defined as 'unfair,' 'unreasonable,' 'inequitable,' or 'harsh.' These definitions do not, in and of themselves, contain a requirement of intent or negligence.").

### B. Prior Notice To Each Party – Rule 45(a)(4)

Rule 45(a)(4) unambiguously provides that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things …, then <u>before</u> it is served on the person to whom it is directed, a notice and a copy of the subpoena <u>must</u> be served on each party." Fed. R. Civ. P. 45(a)(4) (emphasis added); Coleman-Hill v. Governor Mifflin Sch. Dist., 271 F.R.D. 549, 552 (E.D. Pa.) ("A party issuing a subpoena to a non-party for the production of documents during discovery must provide prior notice to all parties to the litigation."). The essential purpose of

notice is "to afford other parties an opportunity to object to the production or inspection and to obtain the materials at the same time as the party who served the subpoena." Coleman-Hill, 171 F.R.D. at 552.

The court in *Coleman-Hill* quoted the following passage, which aptly demonstrates and summarizes the significance of the notice requirement of Rule 45:

> The risks attached to the misuse of the subpoena power are great. Under this delegation, an attorney is licensed to access, through a non-party with no interest to object, the most personal and sensitive information about a party. By failing to receive prior notice of the information sought from the non-party, a party is deprived of its greatest safeguard under the Rule, i.e., the ability to object to the release of the information prior to its disclosure. Therefore, the loss of the opportunity to object prior to the release of the information caused injury to [the defendant]. Moreover, misuse of the subpoena power is not limited to the harm it inflicts upon the parties, it also compromises the integrity of the court's process. When the power is misused, public confidence in the integrity of the judicial process is eroded. Therefore, the failure to provide prior notice to [the defendant] of the subpoenas cause[s] injury to the public.

Id. (*quoting* McCurdy v. Wedgewood Capital Mgmt. Co., Inc., 1998 WL 964185, *7 (E.D. Pa. 1998)). If the serving party fails to adhere to the notice requirement, the district court may, on motion from the opposing party, quash the subpoena. Firefighters' Institute for Radical Equality ex rel. Anderson v. City of St. Louis, 220 F.3d 898, 903 (8th Cir. 2000).

### III. DISCUSSION

According to Mr. Winikoff, on October 27, 2014, he transmitted the subpoena to Plaintiffs' counsel <u>and</u> T-Mobile. Plaintiffs refute that they ever received a copy of the subpoena. The Court finds the affidavit from Crystal Schwartz to be credible. Although Mr. Winikoff attacks said affidavit, questioning how she could be in multiple office locations simultaneously, he misses the point altogether. Rule 45 unequivocally required him to serve a copy of the subpoena prior to sending it to T-Mobile. By his own admission, Mr. Winikoff did

not do this. Plaintiffs contend that if they had been served with the subpoena prior to it being served on T-Mobile, they would have objected as to its scope. However, they never had the opportunity to do so. Accordingly, he violated the notice requirement of Rule 45(a)(4).

Moreover, it is apparent that Mr. Winikoff engaged in discovery outside of the period set forth in the Court's Case Management Order, which closed discovery on October 31, 2014. Mr. Winikoff believes that by sending the subpoena to T-Mobile on October 27, 2014, his request was timely and within the discovery deadline. However, the documents he attached to his Sur-Reply Brief (ECF No. 45) belie this assertion. In particular, Mr. Winikoff submitted a facsimile transmittal from T-Mobile dated November 20, 2014 in which T-Mobile, as a non-party, objected to the subpoena request, asserting that the subpoena did "not permit adequate time for response and makes no provision for the pre-payment of the reasonable costs of production and delivery of the records sought." (ECF No. 44-1 at 8). On that same day, Mr. Winikoff cured the objections by filling out a subpoena confirmation form and tendering a check for $105.00. Id. at 11-14. Consequently, the subpoena sent to T-Mobile on October 27, 2014 was facially invalid, and did not become valid until Mr. Winikoff addressed T-Mobile's objections on November 20, 2014 (20 days after the close of discovery). The documents produced by T-Mobile were not received until December 10, 2014. (40 days after the close of discovery, and 13 days before motions for summary judgment were due). Mr. Winikoff forwarded these documents to Plaintiffs that same day. Thus, Mr. Winikoff's own submissions to the Court demonstrate that he was actively engaging in discovery after the deadline had expired.

Further, the Court finds it troubling that three days after the Post-Discovery Status Conference held on November 17, 2014, (ECF No. 36), Mr. Winikoff was actively engaging in discovery without Court approval. Notably, at the conference, the Court allowed the parties to

depose the defense expert, which was scheduled to take place the following week. However, Mr. Winikoff did not raise any issue with the Court regarding his subpoena requesting Plaintiffs' phone information. Although Mr. Winikoff claims that Plaintiffs have suffered no prejudice, the Court disagrees. Mr. Winikoff's blatant disregard of the notice requirement alone constitutes prejudice under the circumstances because Plaintiffs did not have the opportunity to object to the production of their personal information to the opposing party. See Martinez v. Target Corp., 278 F.R.D. 452, 453 (D. Minn. 2011). Additionally, the Court finds it completely unreasonable for a party to acquire documents after discovery has closed, without permission from the Court, without notice to the other side, and just 13 days from the summary judgment deadline, with intent to use that material in its motion for summary judgment and/or trial. Lastly, it is worth nothing that in the related case, Black v. Allegheny County, 2:13-cv-179, Mr. Winikoff, on separate occasions, has been admonished by the Court for failing to properly execute a subpoena (ECF No. 116) and for failing to comply with the discovery deadlines set forth in the Court's Case Management Order, (ECF No. 186).

Therefore, under the circumstances, the Court finds that Mr. Winikoff's conduct regarding the subpoena has been in bad faith and done in complete disregard of the applicable rules of procedure and the undersigned's Case Management Order. As a result, the Court finds that sanctions are warranted. See Mid-Atlantic Constructors Inc. v. Stone & Webster Constr., Inc., 231 F.R.D. 465, 466 (E.D. Pa. 2005) (sanctioning party under Rules 16 and 45 for serving a subpoena to a non-party that was "past the deadline for discovery, without prior notice to the plaintiffs and without the Court's permission."). The Court finds that the appropriate sanction is to prohibit Defendants from using the documents obtained from the subpoena for any purpose, including in support of his motion for summary judgment and at trial in both this case and the

related case, Black v. Allegheny Co., 2:13-cv-179. See Fed. R. Civ. P 37(b)(2)(A)(ii); Tracinda, 502 F.3d at 241 ("[T]he circumstances and timing of the eventual production of the documents is a correlative factor for the district court to consider, along with the nature of the failure to produce, in determining the nature and severity of the sanction."). The Court declines to impose monetary sanctions on Mr. Winikoff under Rule 16(f)(2) because Plaintiffs have specifically stated they are not seeking monetary relief in their motion, and the Court finds that the exclusion of this evidence is a sufficient sanction under the circumstances.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Sanctions Related to Documents Obtained from Defendants' Subpoena to T-Mobile is granted. An appropriate Order follows.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA BLACK; EARL BLACK, *Administrators of the Estate of Derek E. Black* | ) ) ) ) | Civil Action No. 14-505 |
| Plaintiffs, | ) ) | United States District Judge David Cercone |
| v. | ) ) | |
| EUGENE YOUNGUE, *M.D.*; DAVID HUMPHRIES, *C.R.N.P.*, | ) ) ) ) | United States Magistrate Judge Cynthia Reed Eddy |
| Defendants. | ) | |

## ORDER

**AND NOW**, this 19th day of December, 2014, having considered the arguments and documents submitted by the parties, and in accordance with the foregoing Memorandum Opinion, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Sanctions Related to Documents Obtained from Defendants' Subpoena to T-Mobile (ECF No. 37) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants are precluded from utilizing any documents obtained from T-Mobile for any purpose, including in a motion for summary judgment or at trial, in this case AND in the related case, Black v. Allegheny Co., 2:13-cv-179.

**IT IS FURTHER ORDERED** Mr. Winikoff shall destroy any documents and any copies of these documents obtained from T-Mobile FORTHWITH and file a Certificate of Compliance with the Court by December 23, 2014. The Certificate of Compliance shall indicate (1) when the documents were destroyed, (2) the method used for destroying the documents, and (3) whether copies of the documents are in the possession of any other persons, including the named Defendants.

**IT IS FURTHER ORDERED** that no aspects of the November 17, 2014 text-only Scheduling Order have been altered, and it remains in full effect.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF